UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENT G. LEHMAN,<br><br>         Plaintiff,<br><br>v.<br><br>THE UNITED STATES, PAMELA BONDI, and JESSE HART,<br><br>         Defendants. | Case No.:   3:25-cv-02224-JES-DDL<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO PROCEED IN FORMA PAUPERIS AND MOTION FOR PRELIMINARY INJUNCTION**<br><br>**[ECF Nos. 2, 3]** |

  Pending before the Court is Plaintiff's Motion for Leave to Proceed *in forma pauperis* ("IFP") and Motion for Preliminary Injunction. ECF Nos. 2, 3.

  Parties instituting a civil action must pay a filing fee of $405 unless they are granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). A party need not "be absolutely destitute" to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness, and certainty.'" *Escobedo v. Applebees*, 787 F.3d 1226, 1234

(9th Cir. 2015) (quoting *United States v. McQuade*, 647 F.3d 938, 940 (9th Cir. 1981)). To that end, "[a]n affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id*. "But, the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in part, to pull his own oar." *Temple v. Ellerthorp*, 586 F.Supp. 848, 850 (D.R.I. 1984).

Plaintiff's IFP application fails. While Plaintiff has provided the Court some information about his financial status, he fails to inform the Court of his monthly expenses, if any. Consequently, the Court is unable to assess whether to grant IFP status or not without this information.

Similarly, Plaintiff's motion for preliminary injunction[1] is devoid of information explaining his basis for the relief requested. As such, the Court must deny Plaintiff's motion.

In sum, the Court is unable to determine from the IFP application whether Plaintiff qualifies for IFP status, and similarly, is unable to determine from Plaintiff's preliminary injunction motion whether he is entitled to relief. Accordingly, the Court **DENIES** Plaintiff's IFP Motion, ECF No. 2, and Motion for Preliminary Injunction, ECF No. 3, without prejudice to refiling if Plaintiff so chooses.

Plaintiff is given **thirty (30) days** from the date of this Order to either (1) pay the entire $405 filing fee; or (2) file a renewed motion to proceed IFP that addresses the concerns identified in this Order. Should Plaintiff elect the latter option, he must submit a

---

[1] A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Generally, a plaintiff seeking a preliminary injunction must show: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in favor of the plaintiff; and (4) an injunction is in the public interest. *Id.* at 20.

1  complete and accurate IFP application. If Plaintiff fails to timely comply with the
2  requirements of this Order, the Court will dismiss this action without prejudice.
3  **IT IS SO ORDERED**.

Dated: September 5, 2025

Honorable James E. Simmons Jr.
United States District Judge