UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENT G. LEHMAN,<br><br>                Plaintiff,<br><br>v.<br><br>THE UNITED STATES, PAMELA BONDI, and JESSE HART,<br><br>                Defendants. | Case No.:  3:25-cv-02224-JES-DDL<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>**(2) DISMISSING COMPLAINT PURSUANT TO SCREENING UNDER § 1915(e);**<br><br>**(3) DENYING MOTION FOR PRELIMINARY INJUNCTION; and**<br><br>**(4) DENYING MOTION FOR HEARING AS MOOT**<br><br>**[ECF Nos. 4, 7]** |

Pending before the Court is Plaintiff Kent Lehman's renewed motion for leave to proceed *in forma pauperis* ("IFP"), motion for hearing, and motion for preliminary injunction. ECF Nos. 4, 7. After due consideration and for the reasons set forth below, the Court **GRANTS** the motion to proceed IFP, **DENIES** the motion for hearing as moot, **DENIES** the motion for preliminary injunction and **DISMISSES** the case.

## I. Motion to Proceed *In Forma Pauperis*

Parties instituting a civil action must pay a filing fee of $405 unless they are granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). A party need not "be absolutely destitute" to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness, and certainty.'" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quoting *United States v. McQuade*, 647 F.3d 938, 940 (9th Cir. 1981)). To that end, "[a]n affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id*. "But, the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in part, to pull his own oar." *Temple v. Ellerthorp*, 586 F. Supp. 848, 850 (D.R.I. 1984).

The Court has reviewed Plaintiff's renewed IFP motion and finds that Plaintiff is unable to pay fees or post securities required to maintain this action. Plaintiff submitted a renewed application stating that Plaintiff receives $646 per month combined in general relief and food stamps. ECF No. 7 at 2. Plaintiff's monthly expenses total $646 per month. *Id.* at 5. The Court finds that Plaintiff is unable to pay the filing fee. Therefore, the Court **GRANTS** Plaintiff's motion for leave to proceed IFP.

## II. Screening under 28 U.S.C. § 1915(a)

The Court screens complaints brought by persons proceeding *pro se* and IFP. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or

if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

Plaintiff fails to state a claim upon which relief may be granted. The complaint lists a cause of action for "violation of the Americans with Disabilities Act for Discrimination." ECF No. 1 at 5. The complaint does not allege anything else. It does not describe any facts of how the Americans with Disabilities Act ("ADA") was violated, nor how Plaintiff was discriminated against. It is wholly devoid of any factual allegations. The complaint fails to comply with FRCP 8. Therefore, the Court **DISMISSES** the case without prejudice.

Similarly, Plaintiff's motion for preliminary injunction[1] is incoherent and mentions Plaintiff being the victim of "severe crimes and civil rights violations by a former

---

[1] A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

landlord." ECF No. 4 at 14. Plaintiff then presumably alleges that he was assaulted by a directed energy weapon by law enforcement, and he believes the government is providing these weapons to officers to use against civilians, the motion is difficult to follow. ECF No. 4 at 15. None of the statements or any of the over 40 pages of attachments to the motion discuss any alleged ADA violations or facts supporting such a violation. Therefore, the Court **DENIES** Plaintiff's motion for a preliminary injunction. The Court **DENIES** Plaintiff's motion for a hearing as **MOOT**.

If Plaintiff wishes to file an amended complaint correcting the deficiencies noted above, he must do so no later than **thirty (30) days** from the date of this Order. If Plaintiff fails to timely comply with the requirements of this Order, the Court will dismiss this action without prejudice.

**IT IS SO ORDERED**.

Dated: October 6, 2025

Honorable James E. Simmons Jr.
United States District Judge

---

Generally, a plaintiff seeking a preliminary injunction must show: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in favor of the plaintiff; and (4) an injunction is in the public interest. *Id.* at 20.