UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

KENT G. LEHMAN,

Plaintiff,

v.

THE UNITED STATES, PAMELA BONDI, and JESSE HART,

Defendants.

Case No.: 3:25-cv-02224-JES-DDL

**ORDER:**

**(1) DENYING MOTION FOR RELIEF FROM JUDGMENT; and**

**(2) DENYING MOTION FOR ORDER TO PETITION THE U.S. ATTORNEY TO PRESENT TO A GRAND JURY AS MOOT**

**[ECF Nos. 19, 20]**

On November 21, 2025, the Court dismissed this action pursuant to screening under 28 U.S.C. § 1915(e) for failure to state a claim. ECF No. 12. On December 30, 2025, Plaintiff Kent Lehman ("Plaintiff") filed a notice of appeal to the Ninth Circuit. ECF No. 15. On April 8, 2026, the Ninth Circuit dismissed the appeal. ECF No. 18. On April 21, 2026, Plaintiff filed two motions; a motion for relief from judgment/default due to retaliation, interference and obstruction including violations of the First Amendment (ECF

No. 19); and a motion for order to petition the U.S. Attorney General Central District to present to a Grand Jury (ECF No. 20).

When a court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Federal Rule of Civil Procedure ("FRCP") 59(e) or 60(b). *See Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "A motion to alter or amend judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). If a motion for reconsideration is filed more than 28 days after entry of judgment, then "it is treated as a Rule 60(b) motion for relief from a judgment or order." *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001). Here, the motion was filed more than 28 days after entry of judgment.

Reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). The Ninth Circuit has identified three grounds for reconsideration: (1) newly discovered evidence; (2) an intervening change in controlling law; or (3) to correct clear error in the prior decision or as a result of manifest injustice. *Mustafa v. Clark Cnty. Sch. Dist.*, 157 F.3d 1169, 1179 (9th Cir. 1998). Where a motion for reconsideration claims the district court clearly erred, "[m]ere doubts or disagreement about the wisdom of a prior decision … will not suffice …. To be clearly erroneous, a decision must [be] more than just maybe or probably wrong; it must be dead wrong." *Mazgaj v. Charles*, No. 3:24-cv-00777-JAH-MSB, 2025 WL 905521, at *2 (S.D. Cal. Mar. 25, 2025) (internal citation omitted).

In his motion, Plaintiff has not identified any newly discovered evidence, an intervening change in the law, or any clear error or manifest injustice that would result if the Court does not reconsider its decision. *See generally* ECF No. 19. Instead, Plaintiff restates his previous argument in support for a preliminary injunction. *Cf.* ECF No. 19 *with* ECF Nos. 3, 4, 10. Because Plaintiff does not meet any of the grounds for relief under FRCP 60(b), the Court **DENIES** Plaintiff's motion for relief from judgment. ECF No. 19.

Further, the Court **DENIES as moot** Plaintiff's motion for order to petition the U.S. Attorney General Central District to present to a Grand Jury. ECF No. 20. The case remains closed.

**IT IS SO ORDERED**.

Dated: September 25, 2026

Honorable James E. Simmons Jr.
United States District Judge